**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KELLY JOHNSON,**

**Plaintiff,** **Case No.:**

**v.**

**KIDS WISH NETWORK, INC.,**

**Defendant.**
**________________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, KELLY JOHNSON, by and through her undersigned counsel and sues the Defendant, KIDS WISH NETWORK, INC. (hereinafter referred to as "KWN") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, KIDS WISH NETWORK, INC. is a Florida Not for Profit Corporation authorized and doing business in this Judicial District. At all times material, KIDS WISH NETWORK, INC. employed Plaintiff, KELLY JOHNSON.

4. At all times material, Plaintiff, KELLY JOHNSON, was an employee of Defendant within the meaning of the Americans with Disabilities Act and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, KELLY JOHNSON, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on April 27, 2015. Plaintiff's Charge of Discrimination is attached as **Exhibit A** to this Complaint. On June 4, 2015, Plaintiff filed her Amended Charge of Discrimination. (**Exhibit B**).

10. On August 18, 2016, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. A copy of the Right to Sue is attached as **Exhibit C** to this Complaint. Plaintiff's Complaint was filed within ninety (90) days of the issuance of the Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. In or around February 2011, Plaintiff began her employment with Defendant as a Distribution Assistant. Plaintiff last held the position of Distribution Administrative Assistant.

13. Plaintiff is an individual with a disability; specifically, Plaintiff suffers from profound hearing loss in her left ear and is deaf in her right ear.

14. For the first approximately three and one-half (3 ½) years of Plaintiff's employment, Defendant was unwilling to accommodate Plaintiff's disability, despite Plaintiff's requests. For example, Plaintiff requested, among other things, a captioning phone, written/typed directions, an office, induction loop, FM system, and CART/captioning for important meetings. Plaintiff further provided free and low cost alternatives for the accommodations. Instead, Defendant stripped away Plaintiff's job duties, including Plaintiff's ability to earn bonuses.

15. Thereafter, on or about December 24, 2014, Plaintiff made a written complaint of discrimination to Tam Lai (Human Resources).

16. On or about December 29, 2014, Anna Lanzatella (Executive Director), told Plaintiff she would look into accommodations for Plaintiff's disability, but added that Defendant may not be able to afford the accommodation.

17. On or about December 29, 2014, Plaintiff met with Lanzatella and expressed her interest in working as a Wish Coordinator. Lanzatella told Plaintiff that Plaintiff would never be considered because Plaintiff did not "qualify." Specifically, Lanzatella told Plaintiff: "not everything can be done by email." The comment by Lanzatella was directly related to Plaintiff's disability and Plaintiff's use of written communication due to her disability.

18. On or about January 9, 2015, Plaintiff received an email from Lanzatella with a revised job description and a Fitness for Duty Certificate. Lanzatella instructed Plaintiff to have the form completed by her doctor in order for Defendant to determine if it could accommodate Plaintiff. Despite numerous accommodation requests in the past, this was the first time that Defendant provided a Fitness for Duty Certificate to Plaintiff.

19. On or about January 16, 2015, provide Tam Lai with a letter from her physician that explained Plaintiff's hearing loss.

20. On or about January 12, 2015, Plaintiff informed Lanzatella and Lai during a meeting that she intended to file a Charge of Discrimination with the EEOC. After the meeting, Plaintiff's Hero of the Month duties were taken away. Additionally, later in the same day, Lanzatella asked Plaintiff to choose which manager Plaintiff wanted to work for.

21. On or about February 4, 2015, Tam Lai informed Plaintiff that her doctor's letter was insufficient because Plaintiff's doctor was not specific regarding the accommodations needed.

22. On April 27, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. (**Exhibit A**).

23. On or about May 11, 2015, Plaintiff was terminated from her employment with Defendant. Defendant further cancelled Plaintiff's health insurance without notice, which prohibited Plaintiff from receiving medical care and prescriptions.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT – DISCRIMINATION**

24. Plaintiff, KELLY JOHNSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

25. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

26. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

27. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's hearing disability, substantially limited one or more major life activities and major bodily functions.

28. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

29. By the conduct described above, Defendant, KWN, engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's

disability, terminating Plaintiff's employment with Defendant, and cancelling Plaintiff's health insurance without notice.

30. The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

31. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

32. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

33. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KELLY JOHNSON, prays for the following damages against Defendant, KWN:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION**

34. Plaintiff, KELLY JOHNSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

35. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

36. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

37. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's hearing disability substantially limited one or more major life activities and major bodily functions.

38. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

39. By the conduct described above, Defendant, KWN, engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's disability, terminating Plaintiff's employment with Defendant and cancelling Plaintiff's health insurance without notice.

40. The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

41. Defendant's unlawful and discriminatory employment practices toward Plaintiff Wright were intentional.

42. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

43. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KELLY JOHNSON, prays for the following damages against Defendant, KWN:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT – RETALIATION**

44. Plaintiff, KELLY JOHNSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

45. Plaintiff engaged in protected activity by requesting reasonable accommodations for her disability, opposing an employment practice made unlawful by the Americans with Disabilities Act and participating in an employment discrimination proceeding. Specifically, Plaintiff opposed discrimination as outlined in paragraphs 15 and

20 of this Complaint and Plaintiff filed a Charge of Discrimination as outlined in paragraph 9 of this Complaint.

46. In retaliation for engaging in protected activity, Plaintiff suffered several adverse employment actions by Defendant, including: refusing to promote Plaintiff, removing Plaintiff's job duties, terminating Plaintiff's employment and cancelling Plaintiff's health insurance without notice.

47. The above described act of retaliation constitutes a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq*.

48. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

49. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

50. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KELLY JOHNSON, prays for the following damages against Defendant, KWN:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT—RETALIATION**

51. Plaintiff, KELLY JOHNSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

52. Plaintiff engaged in protected activity by requesting reasonable accommodations for her disability, opposing an employment practice made unlawful by the Florida Civil Rights Act and participating in an employment discrimination proceeding. Specifically, Plaintiff opposed discrimination as outlined in paragraphs 15 and 20 of this Complaint and Plaintiff filed a Charge of Discrimination as outlined in paragraph 9 of this Complaint.

53. In retaliation for engaging in protected activity, Plaintiff suffered several adverse employment actions by Defendant, including: refusing to promote Plaintiff, removing Plaintiff's job duties, terminating Plaintiff's employment and cancelling Plaintiff's health insurance without notice.

54. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of the Florida Civil Rights Act.

55. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

56. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KELLY JOHNSON, prays for the following damages against Defendant, KWN:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

57. Plaintiff, KELLY JOHNSON, demands a trial by jury on all issues so triable.

**DATED** this 14th day of November, 2016.

**BOUZAS OWENS, P.A.**

*/s/ Gregory A. Owens*________________
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@bouzasowens.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@bouzasowens.com
2154 Duck Slough Blvd.
Suite 101
Trinity, Florida 34655
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*